UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZELIN ZHOU,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,

Respondent.

No. 1:26-cv-06527-DAD-CSK (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On August 17, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order seeking his immediate release. (Doc. No. 2.) On August 18, 2026, the court set a briefing schedule and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.)

On August 18, 2026, respondent filed its opposition to the pending motion for temporary restraining order. (Doc. No. 6.) In that opposition, respondent argues that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(E) because he was arrested for grand theft in violation of the California Penal Code. (*Id.* at 2.) Respondent also argues that the petition

should be dismissed because petitioner failed to exhaust his administrative remedies by requesting a *Matter of Joseph* hearing to determine the applicability of § 1226(c) to his detention. (*Id.* at 2–3.) Respondent has indicated that it does not oppose this court ruling directly on the merits of the underlying petition based upon the briefing presently before the court. (*Id.* at 1.)

Based upon the parties' submissions, the court finds the following facts. On or about February 3, 2024, petitioner entered the United States where he was briefly detained by immigration authorities, subsequently released on his own recognizance, and enrolled in the Alternatives to Detention ("ATD") program. (Doc. Nos. 1 at 13; 6-1 at 2.) On or about April 4, 2025, petitioner was arrested for grand theft in violation of the California Penal Code § 487. (Doc. No. 6-1 at 3.) On or about August 26, 2025, petitioner failed to report for a mandatory check-in with ICE. (Doc. No. 1 at 13.) On or about February 26, 2026, petitioner voluntarily presented himself in person at an ICE office. (*Id.*) That same day, he was issued a new notice that he was enrolled in the ATD program and would remain out of immigration custody on his own recognizance. (*Id.* at 33–34.) On or about March 16, 2026, petitioner was re-detained by ICE officials during a mandatory check-in purportedly for violating the terms of his release on recognizance. (Doc. No. 6-1 at 2.)

As noted, respondent argues that the petition should be denied because petitioner failed to exhaust his administrative remedies. (Doc. No. 6 at 2.) Specifically, respondent contends that petitioner claims to have never been arrested and all disputes regarding the applicability of § 1226(c) "go to the immigration judge in a *Joseph* hearing." (*Id.*) However, a review of the petition reveals that petitioner actually argues that respondent has "identified no new criminal conduct, no violation of release of release conditions, and no other material event arising in the 18 days after February 26, 2026, that would justify the re-detention." (Doc. No. 1 at 7.) This statement is not what respondent claims it to be. Setting that aside, the court concludes that exhaustion should not be applied in this case because petitioner has raised a procedural due process claim challenging his re-detention and constitutional challenges cannot be resolved by the immigration court. Accordingly, the court waives the exhaustion requirement. *Gutierrez Romo v. Chestnut*, No. 1:26-cv-03449-KES-FJS (HC), 2026 WL 2254385, at *4 n.4 (E.D. Cal. Aug. 4,

2026) (waiving exhaustion for a petitioner who had not requested a *Joseph* hearing before filing a habeas petition challenging his detention on constitutional grounds); *see also Gagik T. v. Chestnut*, No. 1:26-cv-04337-MWJS, 2026 WL 1837413, at *2 (E.D. Cal. June 25, 2026) (concluding that the *Puga* factors weighed against imposing exhaustion where petitioner brought a procedural due process claim).

"Pursuant to the Laken Riley Act, subsection (c) of Section 1226 was amended to mandate detention for noncitizens who have been charged with certain crimes." *Valencia v. Chestnut*, 809 F. Supp. 3d 1064, 1066 (E.D. Cal. 2025) (citing 8 U.S.C. § 1226(c)(1)(E)). This amendment of the Immigration and Nationality Act provides that detention is mandatory for a noncitizen who "is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title;" and "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person[.]" 8 U.S.C. § 1226(c)(1)(E). However, other courts have recognized that subjecting a non-citizen to mandatory detention when they were only arrested for a qualifying crime without being subsequently charged raises serious due process concerns. *Nikita I. v. Warden, Cent. Valley Annex*, No. 1:26-cv-02517-TLN-AC, 2026 WL 1875871, at *3 (E.D. Cal. June 29, 2026) ("[R]equiring mandatory detention for a mere arrest where prosecutors have not pressed charges raises serious due process concerns."). Still other courts have concluded that the Laken Riley Act is simply inapplicable for this category of noncitizens. *Singh v. Chestnut*, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026) ("[C]ourts have construed the Laken Riley Act to apply only where an individual is *currently* charged with or arrested for the enumerated crimes, and concluding mandatory detention is not required when charges are never filed[.]"). Indeed, as another district court reasoned in resolving a habeas petition filed by a petitioner who was arrested for theft but never subsequently charged:

> Respondents argue that Mr. Flores Martines is subject to mandatory detention because he "was" arrested for a qualifying offense, even though charges were never brought. This expansive reading of the Laken Riley Act would render it superfluous on its own terms, "thus violating one of the 'most basic interpretive canons' of statutory

> interpretation." *Helbrum*, 2025 WL 2840273, at *6 (citing *Corley*, 556 U.S. at 314). In addition to mandating the detention of those who are arrested for a qualifying crime, the Laken Riley Act mandates the detention of some noncitizens who are "charged with" a qualifying crime. If anyone who "was" arrested for a crime in the past is subject to mandatory detention regardless of the outcome of the case, the "charged with" and "convicted of" language would add nothing. The Act tracks the phases of the criminal process from arrest and charge; to conviction or other admission of guilt, using present tense at each stage. *Id.* Thus, the better interpretation of the Laken Riley Act is that it requires mandatory detention while someone remains in the criminal process (e.g., "is" arrested) and no longer requires it if/when the local law enforcement entity decides not to bring charges. *Id.*

*Flores Martines v. Mattos*, No. 2:26-cv-00606-ART-MDC, 2026 WL 1362529, at *5 (D. Nev. May 15, 2026). The court finds the reasoning in *Flores Martines* to be instructive and persuasive.

Here, in support of the contention that the Laken Riley Act applies to petitioner, respondent offers an unverified RAP sheet[1] that reflects petitioner was arrest for grand theft on or about April 5, 2025. (Doc. No. 6-2 at 5.) Assuming without deciding that grand theft constitutes a qualifying conviction, there is no evidence before the court that petitioner was ever formally charged following that arrest. Because petitioner's grand theft arrest occurred over one year ago and there is no evidence that any formal charges were filed, the court finds it reasonable to conclude that petitioner was never formally charged in connection with this arrest. Accordingly, the court cannot conclude that petitioner is subject to mandatory detention pursuant to § 1226(c)(1)(E).

In light of the fact that petitioner was previously released from immigration custody on his own recognizance, the court incorporates the reasoning set forth in *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083, at *2–5 (E.D. Cal. Nov. 21, 2025), concludes that petitioner's re-detention violated due process, and concludes that the appropriate remedy under the circumstances is immediate release. *Alencastro Cali v. Warden, California City Corr. Ctr.*, No. 2:26-cv-01034-DC-EFB, 2026 WL 2240717, at *3 (E.D. Cal. Aug. 4, 2026) (ordering immediate release of a petitioner after concluding the Laken Riley Act did not apply because the

---

[1] The RAP sheet appears to be current as of August 18, 2026, the date when respondent obtained a copy of it. (Doc. No. 6-2 at 1.)

government failed to offer evidence that charges being filed after the petitioner was arrested for theft).

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondent is ORDERED to immediately release petitioner Zelin Zhou, A-File No. 245-792-356, from respondent's custody on the same conditions he was subject to prior to his re-detention on or about March 16, 2026;

   b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting him habeas relief;

3. The Clerk of the Court is directed to serve the California City Detention Facility with a copy of this order; and

4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **August 20, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE